NOT DESIGNATED FOR PUBLICATION

No. 122,130

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACHARY D. DEFFENBAUGH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed October 30, 2020.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and
(h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Zachary D. Deffenbaugh appeals the revocation of his probation
and imposition of his underlying sentence. We granted Deffenbaugh's motion for
summary disposition of his appeal under Supreme Court Rule 7.041A (2020 Kan. S. Ct.
R. 47). Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In August 2018, Deffenbaugh pled guilty to theft of lost or mislaid property, a
class A misdemeanor, and was sentenced to six months in jail with probation granted for

1

one year. As a condition of his probation, Deffenbaugh was ordered to report as directed to his intensive supervision officer.

Eight months later, the State moved to revoke Deffenbaugh's probation, alleging he had failed to report as directed to his ISO.

At the probation violation hearing, Deffenbaugh stipulated to the violation. Deffenbaugh asked for a sanction for what he called a "technical" violation. The court noted Deffenbaugh had a history of failure to report in another case. The court revoked Deffenbaugh's probation and ordered him to serve his sentence. The hearing was combined with the revocation proceeding in another case in which Deffenbaugh had been given several sanctions yet continued to violate his probation. See *State v. Deffenbaugh*, No. 122,084, 2020 WL 3579780, at *2 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* (July 7, 2020).

ANALYSIS

When an offender commits a probation violation while on probation for a misdemeanor, the district court may revoke probation and order the offender to serve the sentence imposed. K.S.A. 2017 Supp. 22-3716(b)(3)(B); *State v. Hunter*, No. 117,304, 2017 WL 6062922, at *2 (Kan. App. 2017) (unpublished opinion).

Once a probation violation has been established the district court's decision to revoke the offender's probation and impose the underlying sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). A judicial action constitutes an abuse of discretion if the action (1) is unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party alleging the abuse of discretion bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

2

Here, we cannot say the district court abused its discretion by revoking Deffenbaugh's probation. The court had the statutory authority to do so because Deffenbaugh was on probation for a misdemeanor. Deffenbaugh stipulated to violating his probation by failing to report. And Deffenbaugh has not shown how the district court's decision was unreasonable in this case. See *State v. Mayer*, No. 119,938, 2019 WL 1868305, at *1 (Kan. App. 2019) (unpublished opinion) (finding revocation of probation for failure to report in a misdemeanor case was not an abuse of discretion).

Affirmed.